EXHIBIT "A"

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search Back

Location : All Locations   Images Help

# REGISTER OF ACTIONS
## CASE NO. 20CV15788

| | | |
|---|---|---|
| Valley Equipment Company, Inc vs 1st Source Bank | §<br>§<br>§<br>§<br>§ | Case Type: **Contract**<br>Date Filed: **04/20/2020**<br>Location: **Marion** |

---

**PARTY INFORMATION**

|  |  | **Attorneys** |
|---|---|---|
| **Defendant** | **1st Source Bank**<br>100 N Michigan St.<br>South Bend, IN 46601 | |
| **Plaintiff** | **Valley Equipment Company, Inc**<br>PO BOX 7138<br>SALEM, OR 97303 | **JOHN S RAZOR**<br>*Retained*<br>503 362-5600(W) |

---

**EVENTS & ORDERS OF THE COURT**

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/20/2020 | **Complaint**<br>Created: 04/21/2020 1:07 PM |
| 04/20/2020 | **Service**<br>   1st Source Bank        Unserved<br>Created: 04/21/2020 1:07 PM |
| 04/21/2020 | **Assignment - Trial Judge** (Judicial Officer: Burton, Claudia M )<br>*emailed atty 4/22*<br>Created: 04/21/2020 3:03 PM |

---

**FINANCIAL INFORMATION**

| | | | |
|---|---|---|---|
| | **Plaintiff** Valley Equipment Company, Inc<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/29/2020** | | 884.00<br>884.00<br>**0.00** |
| 04/21/2020 | Transaction Assessment | | 884.00 |
| 04/21/2020 | xWeb Accessed eFile     Receipt # 2020-303846 | Valley Equipment Company, Inc | (884.00) |

The Law Office of John S. Razor
P.O. Box 7138  Salem, OR 97303
(503)362-5600  John@JohnRazor.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| VALLEY EQUIPMENT COMPANY, INC. an Oregon corporation, | ) | No.   20CV15788 |
|---|---|---|
| | ) | **COMPLAINT** |
| Plaintiff, | ) | (Breach of Contract; Intentional Interference with Economic Relations). |
| vs. | ) | |
| | ) | **NOT SUBJECT TO MANDATORY ARBITRATION** |
| 1st SOURCE BANK, an Indiana corporation, | ) | |
| | ) | Filing Fee Statute:  ORS 21.160(1)(d) |
| Defendant. | ) | |
| | ) | Filing Fee Amount: $884.00 |

Plaintiff, VALLEY EQUIPMENT COMPANY, INC. an Oregon corporation, by and

through its attorney, The Law Office of John S. Razor, makes this Complaint as

follows:

## GENERALLY

1.

Plaintiff, VALLEY EQUIPMENT COMPANY, INC. (hereinafter "VALLEY")

is an Oregon corporation, conducting regular and sustained business practices, and

having its principal office in Marion County, Oregon.

2.

Defendant, 1st SOURCE BANK (hereinafter "1st SOURCE") is an Indiana

corporation, with minimum contacts, and sustained business activities in Marion

County, Oregon.

///

Page 1  - Complaint

3.

VALLEY and 1st SOURCE entered into a Loan and Security Agreement dated October 31st, 2005, which was subsequently amended and restated by an Amended and Restated Loan and Security Agreement dated July 1, 2011. Such Agreement, as amended, was essentially an inventory "flooring" agreement. Under such Agreement 1st SOURCE was the "LENDER" and VALLEY was the "BORROWER."

4.

VALLEY maintained independent LENDER/BORROWER relationships with another lender for its Account Receivable financing or factoring. Subsequently, 1st SOURCE approached VALLEY and indicated that it could provide VALLEY with more substantial credit limits and more favorable terms.

5.

1st SOURCE was aware of VALLEY's existing banking relationships and in fact required VALLEY to curtail its LENDER/BORROWER relationships with its other existing lenders. 1st SOURCE assured VALLEY that it would provide financing of VALLEY's accounts receivable.

6,

VALLEY relied on 1st SOURCE's representations concerning the promised forthcoming accounts receivable loans. Meanwhile, again as a result of 1st SOURCE's representations and actions, VALLEY's alternate financing was no longer available.

7.

Throughout the LENDER/BORROWER relationship between 1st SOURCE and VALLEY, and leading up to the new accounts receivable lending relationship, 1st

The Law Office of John S. Razor
P.O. Box 7138  Salem, OR 97303
(503)362-5600  John@JohnRazor.com

Page 2  - Complaint

SOURCE would promptly process VALLEY's loan requests and documentation.

Through such actions VALLEY and 1st SOURCE created a "Course of Dealing" and

"Course of Performance" upon which VALLEY had come to expect.

8.

Ultimately, after a prolonged and unwarranted delay in consummating the

account receivable financing, 1st SOURCE declared a default on the flooring agreement,

and accelerated that loan, all to VALLEY's detriment.

FIRST CLAIM FOR RELIEF
Breach of Contract – Promissory Estoppel

9.

Plaintiff realleges and alleges Paragraphs 1 through 8; x through x, and

incorporates the same herein.

10.

Defendant promised to provide accounts receivable financing to Plaintiff.

11.

Defendant knew, or in the exercise of reasonable care should have known, that

Plaintiff would rely on such representation and take action in reliance thereon.

12.

Plaintiff did in fact rely on Defendant's representations as further alleged herein.

Plaintiff suffered economic loss as a direct and proximate cause of its reliance on

Defendant's representations, including but not limited to the inability to meet its

financial obligations in other agreements with Defendant, and others.

///

Page 3  - Complaint

The Law Office of John S. Razor
P.O. Box 7138  Salem, OR 97303
(503)362-5600  John@JohnRazor.com

13.

In attempting to mitigate its losses Plaintiff was required to liquidate equipment

and inventory, in most cases at significant loss to Plaintiff.

14.

Plaintiff's reliance on Defendant's representations was reasonable under the

circumstance, and resulted in a substantial and detrimental change in Plaintiff's

position.

15.

As a direct and proximate cause of Defendant's actions Plaintiff has suffered

economic damages in the amount of 6.5 million dollars, or such other amount as is

proved at trial.

16.

Plaintiff is entitled to recover its costs and disbursements pursuant to ORCP 68.

### SECOND CLAIM FOR RELIEF
Intentional Interference with Economic Relations

17.

Plaintiff realleges and alleges Paragraphs 1 through 8; and, 10 through 16, and

incorporates the same herein.

18.

An economic relationship existed between VALLEY and its accounts receivable

lenders as alleged herein.

19.

1st SOURCE's actions were aimed at interfering with, and did in fact interfere

with, the economic relations between VALLEY and its accounts receivable lenders.

Page 4  - Complaint

The Law Office of John S. Razor
P.O. Box 7138  Salem, OR 97303
(503)362-5600  John@JohnRazor.com

20.

1st SOURCE is a "third party" in that it is not a party to the agreements or relationship between VALLEY and its existing accounts receivable lenders.

21.

1st SOURCE's actions were improper and taken for an improper purpose and used to induce Plaintiff's accounts receivable lenders to curtail business with Plaintiff, and to induce Plaintiff to curtail such business with its existing accounts receivable lenders.

22.

Defendant, 1st SOURCE, actions did in fact induce Plaintiff, and its existing accounts receivable lenders, to curtail business with each other related to accounts receivable factoring.

23.

As a direct and proximate cause of Defendant's conduct Plaintiff suffered economic damages in the amount of 6.5 million dollars, or such other amount as is proved at trial.

24.

Plaintiff is entitled to recover its costs and disbursements pursuant to ORCP 68.

WHEREFORE, Plaintiff prays for the following relief:

A) For economic damages in the amount of 6.5 million dollars, or such other amount as is proved at trial;

Page 5  - Complaint

B) An Order and Judgment enjoining Defendant from taking any adverse

actions against Plaintiff, or its affiliated entities or individuals, based on any

of Plaintiff's breaches of agreements between Plaintiff and Defendant,

which were caused, induced or inevitable in light of Defendant's wrongful

actions as alleged herein;

C) For costs and disbursements pursuant to ORCP 68; and,

D) For such other relief as this Court deems just and equitable.

DATED this 15th day of April, 2020.

Law Office of John S. Razor

By ___ s/John S. Razor _____
John S. Razor, OSB 96022
Attorney for Plaintiff

The factual assertions contained in this Complaint are based on personal knowledge and shall be supported by evidence.

Valley Equipment Company, Inc.

By: _____
Roger Jensen, President

The Law Office of John S. Razor
P.O. Box 7138  Salem, OR 97303
(503)362-5600  John@JohnRazor.com

Page 6  - Complaint

EXHIBIT "B"

Christopher M. Keefer, OSB #175226
KEEFER, LLC
4949 SW Macadam Ave., Ste. 10
Portland, OR 97239
(971) 271-9100 (office)
(574) 850-1506 (mobile)
*chris@keeferstrategy.com*

*Attorney for 1st Source Bank*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VALLEY EQUIPMENT COMPANY, INC., | Case No. _____ |
| Plaintiff, | |
| v. | **DECLARATION OF** |
| | **COURTNEY RHOADES** |
| 1st SOURCE BANK, | |
| Defendant. | |

I, Courtney Rhoades, declare under penalties of perjury as set forth in 28 U.S.C. § 1746, that I am over the age of 18, and if called to do so, could and would testify competently to the following facts based on my own personal knowledge:

1. I am the Loan Workout Officer of Defendant, 1st Source Bank, and have been employed by 1st Source Bank since August, 2008.

2. At the time Plaintiff filed its Complaint against 1st Source Bank on April 20, 2020 in the Circuit Court of the State of Oregon for the County of Marion, and at all relevant times prior, 1st Source Bank was and has been an Indiana corporation with its principal place of business in St. Joseph County, Indiana.

DECLARATION OF COURTNEY RHOADES – PAGE 1

FURTHER DECLARANT SAYETH NOT

Dated:  April 30, 2020

Courtney Rhoades