Christopher M. Keefer, OSB #175226
KEEFER, LLC
4949 SW Macadam Ave., Ste. 10
Portland, OR 97239
(971) 271-9100 (office)
(574) 850-1506 (mobile)
chris@keeferstrategy.com
*Attorney for 1st Source Bank*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VALLEY EQUIPMENT COMPANY, INC., | Case No. 6:20-cv-00711-MK |
| Plaintiff, | |
| v. | **ORDER ON 1st SOURCE BANK's** |
| | **MOTION FOR TEMPORARY** |
| 1st SOURCE BANK, | **RESTRAINING ORDER AND** |
| | **PRELIMINARY INJUNCTION** |
| Defendant. | |

1st SOURCE BANK,

          Counter-claimant,

v.

VALLEY EQUIPMENT COMPANY, INC.,

          Counter-defendant.

1st SOURCE BANK,

          Third-party Plaintiff,

v.

ROGER JENSEN, individually and as trustee of
The Jensen Living Trust dated April 25, 2000,
and AGGREGATE MACHINERY INC.,

          Third-party Defendants.

Upon consideration of the Motion for Temporary Restraining Order and Preliminary Injunction of 1st Source Bank ("1st Source"), and being duly advised in the premises, the Court finds as follows:

**Findings of Fact**

1.      On October 31, 2005, 1st Source and Valley Equipment entered into a Loan and Security Agreement, which was subsequently amended on or about July 1, 2011 (the "Loan Agreement").   Pursuant to the Loan Agreement, Valley Equipment entered into eighteen (18) promissory notes with 1st Source for the purchase of certain construction equipment and inventory items described therein (the "Collateral"). 1st Source perfected its security interests in the Collateral by filing UCC financing statements with the Oregon Secretary of State

2.      On October 31, 2005, 1st Source and Valley Equipment entered into a Loan and Security Agreement, which was subsequently amended on or about July 1, 2011 (the "Loan Agreement").   Pursuant to the Loan Agreement, Valley Equipment entered into eighteen (18) promissory notes with 1st Source for the purchase of certain construction equipment and inventory items described therein. 1st Source perfected its security interests in this equipment and inventory, as well as in all present and future rights related thereto, including but not limited to all proceeds from the same (collectively, the "Collateral"), by filing UCC financing statements with the Oregon Secretary of State.

3.      The Loan Agreement authorizes 1st Source to pursue its remedies in this Court, although Indiana law governs any disputes involving the loans and collateral. According to Section 4(h) of the Loan Agreement, Valley Equipment could "not . . . sell . . . or otherwise dispose of Collateral or any interest therein or any part thereof." Pursuant to Section 6(c), doing so constitutes a breach of contract.

4.      Valley Equipment defaulted in its obligations to 1st Source by failing to satisfy payment obligations. As such, on October 22, 2019, 1st Source performed a field audit on the Collateral and discovered that Valley Equipment's principal, Roger Jensen ("Jensen") had unlawfully taken and sold certain items of Collateral, concealing such actions from 1st Source. Jensen admitted this misconduct during a November 21, 2019 phone call, resulting 1st Source accelerating all indebtedness of Valley Equipment to become immediately due and payable. Jensen has since admitted to secretively funneling Collateral to pay other obligations of Valley Equipment.

5.      Presently, there are only five (5) remaining items of Collateral that have not either been released or unlawfully taken and sold by Jensen (the "Remaining Collateral"):

      a.  AMI 3615BFH15-D07494 belt feeder, S/N #2888-17;

      b.  Superior 36x30 stackable conveyor, S/N #U01118799;

      c.  Cedarapids 6203 screen plant, S/N #7088;

      d.  Terex Canica PP-VSI2000 impact crusher, S/N #49284; and

      e.  AMI 3615BFH15-D07494 belt feeder, S/N #2930-19 and #2931-19

6.      1st Source has affirmatively asserted Valley Equipment's indebtedness in the amount of $2,149,076.12, plus accruing interest, costs and fees. This sum is substantially greater than the value of the Remaining Collateral.

7.      On April 23, 2020, Jensen informed 1st Source, through its attorney, that Valley Equipment has closed all operations, laid off its employees, and is now relying on receivables to pay off secured creditors.

**Conclusions of Law**

1.      A party seeking preliminary injunctive relief in federal court must establish the following: (a) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit applies a "sliding scale" in that "[a] stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Ultimately, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." (*Id.* at 1131–32) (internal quotations omitted).

2.      "Serious questions going to the merits" requires a lesser showing than a "likelihood of success on the merits." *OTR Wheel Engineering, Inc. v. W. Worldwide Servs., Inc.*, 602 Fed. Appx. 669, 671 (9th Cir. 2015). In particular, "[s]erious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." (*Id.*).

3.      In this case, all of these factors weigh heavily in favor of granting 1st Source's motion for injunctive relief to preserve the status quo until this Court can decide the case on its merits. *Cottrell*, 632 F.3d at 1134 (noting "the longstanding discretion of a district judge to preserve the *status quo* with provisional relief").

4.      1st Source has affirmatively demonstrated that Valley Equipment unlawfully took and sold Collateral out of trust in breach of its contractual obligations, and that it was damaged, and continues to be damaged, as a direct and proximate result of this breach. As such, 1st Source has demonstrated a substantial likelihood of success on the merits of Count I of its Counterclaim.

5.      1st Source has established that Valley Equipment is facing impending insolvency and has further engaged in a clear pattern of secreting or dissipating the Collateral to avoid judgment. *Hilao v. Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994). As such, 1st Source has demonstrated that, absent preliminary relief, its harm will be irreparable and not adequately remedied through monetary compensation.

6.      Significant injury could be inflicted upon 1st Source by the denial of temporary injunctive relief, and Valley Equipment could be inequitably benefited by such a denial. Valley Equipment is no longer operating and no longer needs the Remaining Collateral to run its business. As such, the balance of equities tips sharply in favor of 1st Source.

7.      The granting of temporary injunctive relief serves the public interest in that Valley Equipment will be required to follow its contractual and legal obligations by not disposing of property out of trust.

8.      The Court finds that the amount of the bond to be posted is $1,000.

**IT IS HEREBY ORDERED AND DECREED THAT:**

(a)      Valley Equipment is immediately enjoined and restrained, directly and indirectly, and whether alone or in concert with others, from selling, using, transferring, disposing or in any way dissipating the following items of Collateral until hearing and thereafter until further Order of this Court through the entry of judgment in this case:

1.      AMI 3615BFH15-D07494 belt feeder, S/N #2888-17;

2.      Superior 36x30 stackable conveyor, S/N #U01118799;

3.      Cedarapids 6203 screen plant, S/N #7088;

4.      Terex Canica PP-VSI2000 impact crusher, S/N #49284; and

5.      AMI 3615BFH15-D07494 belt feeder, S/N #2930-19 and #2931-19;

(b)     Valley Equipment is immediately enjoined and restrained, directly and indirectly, and from spending, using, transferring, disposing or in any way dissipating the proceeds from prior sales of the following items of Collateral until hearing and thereafter until further Order of this Court through the entry of judgment in this case:

      1.     Cedarapids 2100 VSI impact crushing plant, S/N #28D0186;

      2.     Terex Finlay J1175 track jaw crusher, S/N #TRX1175JPOMF70981;

      3.     AMI 450CT-DO4414 cone crushing plant, S/N #2924-19;

      4.     Matec 1500P 150 plate filter press, S/N #EQU-02885;

      5.     Terex M1400 washer screen plant, S/N #TRX00066ADGGC3489;

      6.     AMI 3615BFH15-D07494 feeder belt, S/N #2934-19;

      7.     Gator G-GM3610 magnet stand, S/N #GMB3610B-031; and

      8.     Symons 4 1/2 cone crusher, S/N #41243;

(c)     Valley Equipment shall, within ten (10) days of this Order, provide 1st Source with a detailed accounting of all Collateral described in section (b) above that was sold by Valley Equipment Company, Inc., whether alone or in concert with others;

(d)     This Order shall remain in full force and effect until such time as this Court specifically orders otherwise; and

(e)     Valley Equipment shall show cause before this Court in writing on the 17th day of June _____, 2020, why a Preliminary or Permanent Injunction should not be ordered according to the terms and conditions set forth above.

SO ORDERED.

Dated:  6/2/2020

*s/Michael J. McShane*

Michael J. McShane
United States District Court, District of Oregon